UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KYLE T. WOOD,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )          No. 4:10CV1434 HEA
                                       )
DENNIS M. DEDERT,                      )
                                       )
            Defendant.                 )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dennis Dedert's ("Dedert") Motion to

Dismiss or In the Alternative, to Transfer Venue [Doc. #7]. Plaintiff opposes the Motion

and has filed a written opposition thereto [Doc. #11], to which Defendant has replied

[Doc. #13]. For the reasons discussed below, the Court will deny Defendant's request for

dismissal and transfer of venue.

## Facts and Background

This case was brought before the Court as a result of a watercraft accident on the

Lake of the Ozarks, in Missouri, on July 15, 2006. Plaintiff, a Missouri resident, was the

passenger on a personal water craft ("PWC"), which was being operated by Jeremy Coplin

("Coplin"). Defendant Dedert, an Illinois resident, was the owner and operator of a 27

foot fountain round-about on Lake of the Ozarks on July 15, 2006. At approximately 1:15

p.m., there was a collision between Defendant's motor boat and the PWC operated by

Coplin, upon which Plaintiff Wood was a passenger. As a result of the collision, both

Plaintiff and Coplin were thrown into the water. Coplin received fatal injuries due to the

collision.  Plaintiff Wood is now seeking damages in excess of $75,000 as a result of the collision and the alleged injuries sustained,.

**Discussion**

Defendant Dedert contends that this complaint was filed in the wrong venue. Defendant requests that the Court dismiss the present action pursuant to 28 U.S.C. §1406(a), or in the alternative, to transfer this matter to the proper venue of the United States District Court, for the Western District of Missouri, Central Division, pursuant to either 28 U.S.C. §1406(a) or §1404(b).

Pursuant to §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under Missouri case law, it is incumbent upon the party seeking to transfer a civil action under §1404(a) to make clear showing that balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed. *Houk v. Kimberly-Clark Corp.*, 613 F.Supp.  923, 927 (W.D.Mo.  1985).  Furthermore, plaintiff's choice of proper forum is entitled to great weight and will not be lightly disturbed, especially where plaintiff is resident of judicial district in which suit is brought. *Id.*

In this case, Plaintiff Wood is a resident of St.  Louis, Missouri.  Defendant is a resident of Quincy, Illinois.  And multiple witnesses to the accident are residents of Alta, Iowa.  Plaintiff received medical treatment in Osage Beach, Missouri, Springfield, Missouri and St.  Louis, Missouri.  Defendant Dedert has failed to make a clear showing that balance of interests weighs in favor of dismissing the case or transferring it to our

circuit's Western District of Missouri, Central Division.  In this case, venue is proper in

light of the fact that Plaintiff Wood lives in the Eastern District, St.  Louis, Missouri, and

received extensive medical treatment here.  When considering the distance the parties and

witnesses would have to travel, Defendant failed persuade the Court transferring the case

to the Western District, Central Division, would be considerably more convenient.

"Where balance of the relative factors is equal or only slightly in favor of the moving

party, motion to transfer civil action under §1404(a) should be denied." As such, the Court

denies Defendant Dedert's requests to dismiss or transfer the case.

Accordingly,

**IT IS HEREBY ORDERED** that Defedant Dennis M.  Dedert's Motion to

Dismiss the present action pursuant to U.S.C. §1406(a) [Doc. #7] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Dennis M.  Dedert's Motion to

Transfer this matter to the proper venue of the United States District Court, for the

Western District of Missouri, Central Division, pursuant 28 U.S.C. §1406 [Doc. #7] is also

**DENIED.**

Dated this 24th day of June, 2011.

_____

    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE